UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRIAN STURM<br>12066 Balsam Circle<br>Granger, IN 46530<br>    Plaintiff, | )<br>)<br>)<br>)<br>) |
| v. | ) CAUSE NO:_____ |
| BIMBO BAKERIES U.S.A. Inc.<br>255 Business Center Dr.<br>Horsham, PA 19044<br>    Defendant. | )<br>)<br>)<br>)<br>) |
| Registered Agent:<br>CAPITOL CORPORATE SERVICES, INC.<br>9221 Crawfordsville Rd.<br>Indianapolis, IN 46234 | )<br>)<br>)<br>) |

## **VERIFIED COMPLAINT FOR DAMAGES**

Comes now the Plaintiff, Major Brian Sturm, by counsel, and for his Complaint against Defendant Bimbo Bakeries U.S.A., alleges as follows:

### **NATURE OF THE CASE**

1. This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§4301-4335 ("U.S.E.R.R.A.")

### **JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 623, and 38 U.S.C. § 4323.

3. Venue is proper in this district under 28 U.S.C. § 1391(c)(2), as all actions giving rise to this suit occurred in Elkhart County, Indiana, within the Northern District of Indiana.

1

## FACTUAL ALLEGATIONS

4. Plaintiff is a resident of Granger, Indiana and is, and at all times relevant was, a Major in the United States National Guard. Plaintiff has a Bachelor's degree from Rutgers University where he majored in Biology and History and minored in Chemistry, while competing as a varsity wrestler. Plaintiff possesses a Master's degree in Organizational Dynamics from the University of Pennsylvania, and a Master's of Business Administration from the College of William and Mary.

5. Defendant is a multinational corporation that regularly conducts business at its bakery manufacturing facility located at 53075 Frederic Drive, Elkhart, IN 46514.

6. Plaintiff was hired by Defendant in February, 2017 to serve as the Food Safety Manager of its Elkhart facility. In that position, he was also in charge of Quality, Sanitation, Receiving and Environmental Health and Safety. At the time Plaintiff was hired, Mr. Hugo Salinas served as the General Manager of the facility.

7. During the time that Mr. Salinas served as the General Manager, there were no issues with the quality of Plaintiff's work. There were also no issues with Plaintiff's service to the military.

8. In November of 2017, Defendant replaced Mr. Salinas with a new General Manager, Mr. Kelly Clausen.

9. In the Fall of 2017, Plaintiff was notified that his unit would be deploying to active military service in the Middle East in May of 2019. In February, 2018, Plaintiff served a four (4) week training mission at Fort Campbell, Kentucky in order to prepare for the subsequent deployment.

10. On the day Plaintiff returned from his four-week military assignment in February, 2018, he was confronted by General Manager Clausen, who yelled at him and berated him in front of other employees for his absence from the plant. The plant was preparing for a visit from a Regional Vice President, and Clausen blamed Plaintiff for the fact that the plant was not in the most presentable condition due to Plaintiff's absence while serving the country.

11. Clausen complained that Plaintiff was too frequently called up to military service and indicated there was no one else in the plant who could do Plaintiff's job at his skill level.

12. Clausen then assigned Plaintiff to several additional responsibilities to punish him for his military service.

13. In June of 2018, Clausen excoriated the Plaintiff in front of other management staff. Another employee and Gulf War veteran intervened and asked Clausen if he was aware that Plaintiff is a Major in the Army. Clausen angrily responded that he did not care what Plaintiff's rank was, and said "As far as I'm concerned, he's a Private while he's here."

14. On another occasion that same month, Clausen, again in the presence of other management, told Plaintiff that, due to his military service, he had added nothing of value to the plant during its last quality audit.

15. In July of 2018, Plaintiff's direct Supervisor, Kathy Linton, took a voluntary separation package from the Defendant. Thereafter, Mr. Clausen assigned her duties to Plaintiff without changing his title or adding to his salary. The result was that Plaintiff was doing the work of two high level managers, and being compensated only for one.

16. In October of 2018, Plaintiff was called to a two (2) week military training. On the day he returned to the plant after his military training, Plaintiff was again verbally reprimanded by Mr. Clausen in the presence of other management staff for being absent on

military duty for the prior two weeks. Clausen was so loud that other employees and interns who were down the hall and not in the meeting reported hearing his comments in opposition to Plaintiff abiding by his military obligations.

17. Plaintiff's May, 2019 deployment orders were changed. Nevertheless, at the end of May, 2019, Plaintiff was required to attend a two (2) week military drill. During the time Plaintiff was on active service, he received several calls, some lengthy, from Defendant asking him questions with regard to his employment duties with Defendant.

18. When Plaintiff returned from his military service, he was confronted by Defendant for a payroll classification error he made on the company's Kronos payroll system. Due to the confusing nature of the system, it was the same mistake that other managers had made on the system, which resulted in a temporary overpayment to certain employees.

19. On all past occasions when the error was made by other management, Defendant simply corrected the error on the employee's subsequent paycheck, and the managers who committed the same errors were never reprimanded or punished.

20. Defendant used Plaintiff's mistake on the Kronos system as a pretext to terminate his employment.

21. Defendant terminated Plaintiff's employment on July 1, 2019, citing the Kronos system error as its reason.

22. Defendant subsequently abandoned and replaced the Kronos system because it was so confusing and ineffective.

23. During his two and a half year tenure with Defendant, Plaintiff twice received incentive bonuses for his excellent work. He also successfully oversaw several quality audits and received commendations from several corporate executives, including the Senior Director of

Quality, Mr. Arturo Carrillo. He also took on additional responsibilities that were not part of his original job description.

## COUNT I—VIOLATION OF U.S.E.R.R.A.

24  Plaintiff reincorporates and realleges Paragraphs 1 through 23 as Paragraph 24 herein.

25.  As a Major in the United States National Guard, Plaintiff enjoys full protection afforded to servicepersons under 38 U.S.C. §4311. Those protections include, but are not limited to, the right to retention in his employment, and the right to not be contacted by his employer for employment matters during any time of active service.

26.  Defendant, through its General Manager Clausen, violated U.S.E.R.R.A. on multiple occasions when he complained to and about Plaintiff, and demeaned him in the presence of others, for his military service.

27.  Defendant violated U.S.E.R.R.A. when, in May of 2019, it contacted Plaintiff on several occasions regarding employment matters at a time when he was on active military service.

28.  Defendant violated U.S.E.R.R.A when, in July of 2019, it terminated Plaintiff's employment for the same mistake made by n,on-military management staff who suffered no adverse employment actions for the same.

29.  Defendant's violations of U.S.E.R.R.A. were persistent, pervasive, ongoing, intentional and willful.

30.  As a direct and proximate result of Defendant's violations of U.S.E.R.R.A., Plaintiff has suffered, and continues to suffer, damages.

## VERIFICATION

By my signature below, I verify that the above factual allegations are true and accurate.

_____
Major Brian P. Sturm,

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, by counsel, prays for judgment against Defendant in the form of damages commensurate with the injuries Plaintiff has suffered and continues to suffer, and as provided by the applicable statute, and for all other just and proper relief in the premises.

Respectfully Submitted,


/s/ Thomas M. Dixon, Esq.   (18611-71)
Thomas M. Dixon, Esq.
Attorney for Plaintiff
Dixon, Wright & Associates, P.C.
55255 Birchwood Court
Osceola, IN 46561
(574) 315-6455
Email: tdixon3902@comcast.net